Ira G. Greenberg
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendants
750 Lexington Avenue, 8th floor
New York, NY 10022
(212) 308-4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

ROBERT T. PUOPOLO,

        Plaintiff,

versus

EQUINOX CAPITAL, INC., EQUINOX
PARTNERS III, LLC,, and STEVEN
C. RODGER,

        Defendants.

-------------------------------------------------------x

No. 08 Civ. 1311 (LAP)

## FIRST DEFENSE

Defendants Equinox Capital, Inc., Equinox Partners III, LLC, and Steven C. Rodger answer the complaint of plaintiff Robert T. Puopolo as follows:

1. Admit the allegations of paragraph 1 of the complaint, except deny that the action is well founded.

2. Admit the allegations of paragraph 2 of the complaint, except lack knowledge or information sufficient to form a belief as to whether Rodger controls all of the Equinox entities, as "control" and "the Equinox entities" are undefined.

3. Deny the allegations of paragraph 3 of the complaint, except admit that Puopolo was allowed in certain respects to hold himself out as a member of

Equinox Partners III, that he was allowed to hold himself out as a managing director of Equinox Capital, and that Equinox Partners III and Equinox Capital ceased to allow him to hold himself out as a member or managing director on or about April 19, 2007.

4. Deny the allegations of paragraph 4 of the complaint, except admit that Puopolo may (but may not) be entitled to some compensation on the SMU and CNS Investments in the future.

5. Deny the allegations of paragraph 5 of the complaint.

6. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the complaint, except admit that Puopolo is a natural person.

7. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the complaint.

8. Deny the allegations of paragraph 8 of the complaint, except admit that Puopolo was allowed to hold himself out as a member of Equinox Partners III and as a managing director of Equinox Capital and that they ceased to allow him to hold himself out as a member or managing director on or about April 19, 2007.

9. Admit the allegations of paragraphs 9-10 of the complaint.

10. Admit the allegations of paragraph 11 of the complaint, except deny that Rodger is the managing member of Equinox Partners III.

11. Admit the allegations of paragraph 12 of the complaint.

12. Admit the allegations of paragraph 13 of the complaint, except deny that the modus operandi of private equity funds as described is universally true or that it accurately describes Equinox Capital III, L.P.

NYC_293613_1/IGREENBERG

13. Admit the allegations of paragraph 14 of the complaint.

14. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the complaint, except denies that the modus operandi of private equity funds as described is universally true.

15. Admit the allegations of paragraph 16 of the complaint.

16. Admit the allegations of paragraph 17 of the complaint, except lack knowledge or information sufficient to form a belief as to whether "all day-to-day actions" are taken through Equinox Capital, and deny that all actions are taken through Equinox Capital.

17. Deny the allegations of paragraph 18 of the complaint, except admit that Rodger was the president of Equinox Capital.

18. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the complaint, except deny that Puopolo was a member of Equinox Partners III or a managing director of Equinox Capital.

19. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 20 of the complaint, and deny the allegations of its second sentence.

20. Deny the allegations of paragraph 21 of the complaint.

21. Deny the allegations of paragraph 22 of the complaint, except admit that Puopolo proposed the SMU Investment as a possibility to Rodger, and lack knowledge or information sufficient to form a belief as to Puopolo's research, analysis, or contacts with St. Matthew's University.

22. Deny the allegations of paragraph 23 of the complaint, except admit that Epic Partners II executed a letter of intent with what is now an affiliate of St. Matthews University, Inc., and lack knowledge or information sufficient to form a belief as to who negotiated the letter of intent.

23. Admit the allegations of paragraph 24 of the complaint, except deny that Puopolo became a member of Equinox Partners III or a managing director of Equinox Capital.

24. Deny the allegations of paragraph 25 of the complaint, except admit that the document annexed as exhibit A to the complaint is a true copy of a term sheet signed by its purported signatories.

25. Deny the allegations of paragraph 26 of the complaint, except admit that the term sheet includes provisions relating to consideration, duties and responsibilities, and relationships with the affiliate of St. Matthew's University.

26. Admit the allegations of paragraph 27 of the complaint, except deny that the document is a contract and that Rodger negotiated on behalf of "Equinox."

27. Admit the allegations of paragraph 28 of the complaint, except deny that the document is a contract.

28. Admit the allegations of paragraph 29 of the complaint, except deny that exhibit B is a contract, and lack knowledge or information sufficient to form a belief as to Puopolo's purpose in creating and controlling Epic SMU LLC.

29. Admit the allegations of paragraph 30 of the complaint, except deny that exhibit B is a contract.

30. Deny the allegations of paragraph 31 of the complaint.

NYC_293613_1/IGREENBERG

31. Deny the allegations of paragraph 32 of the complaint, except admit that the November term sheet amended certain points in the May term sheet.

32. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 33-34 of the complaint, except deny that the document was a contract, and admit that the quotations are substantially accurate.

33. Deny the allegations of paragraph 35-38 of the complaint.

34. Deny the allegations of paragraph 39 of the complaint, except admit that the SMU Investment, albeit not in the form that Puopolo brought it to Equinox Capital, closed on January 27, 2006.

35. Deny the allegations of paragraph 40 of the complaint, except admit that the November term sheet incorporated certain terms of the Amended and Restated Operating Agreement.

36. Deny the allegations of paragraph 41 of the complaint, except admit that the parties' rights and obligations were subject to the Amended and Restated Operating Agreement, a copy of which is annexed to the complaint as exhibit C, and that a copy of an employment agreement is annexed to the complaint as exhibit D.

37. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 42-43 of the complaint, except admit that the quotations are substantially accurate.

38. Admit the allegations of paragraph 44 of the complaint, except deny that the modus operandi of private equity funds as described is universally true.

39. Admit the allegations of paragraph 45 of the complaint, except deny that Puopolo became a member of Equinox Partners III or that his payment of money was intended to reflect any such membership.

40. Deny the allegations of paragraph 46 of the complaint, except admit that the SMU Investment, albeit not in the form that Puopolo brought it to Equinox Capital, closed on January 27, 2006, that Puopolo was treated as if he were a member of Equinox Partners III, and that he was allowed to hold himself out as an employee by Equinox Capital.

41. Deny the allegations of paragraph 47 of the complaint.

42. Deny the allegations of paragraph 48 of the complaint, except admit that a complex structure of corporations, limited liability companies, and limited partnerships was utilized to effectuate the SMU Investment.

43. Deny the allegations of paragraphs 49-50 of the complaint.

44. Deny the allegations of paragraph 51 of the complaint, except lack knowledge or information sufficient to form a belief as to the meaning of the term "engineered."

45. Admit the allegations of paragraph 52 of the complaint, except deny that it accurately describes the priority of returns to investors or that any investor received a special deal.

46. Admit the allegations of paragraph 53 of the complaint, except deny that the right to receive money under certain circumstances is properly termed a "carried interest."

47. Deny the allegations of paragraph 54 of the complaint, except lack knowledge or information sufficient to form a belief as to the meaning of the term "under the umbrella of," and admit that Equinox SMU Management, LLC was created to receive investments both from Equinox Capital III, L.P., Equinox Capital SBIC, L.P., and outside investors.

48. Deny the allegations of paragraph 55 of the complaint, except lack knowledge or information sufficient to form a belief as to whether Puopolo saw the private placement memorandum or any drafts of it, other than the first draft that he had poorly written.

49. Deny the allegations of paragraph 56 of the complaint, except admit that Rodger allocated shares of the entire $23.5 million to other members of Equinox SMU Management, LLC, that Puopolo, not being a member of that LLC, received an allocation only of the smaller portion of the SMU Investment, and that, no amount currently being due, Puopolo has not been paid his sharing percentage on that portion.

50. Deny the allegations of paragraph 57 of the complaint.

51. Admit the allegations of paragraphs 58-61 of the complaint.

52. Deny the allegations of paragraphs 62-65 of the complaint.

53. Admit the allegations of paragraph 66 of the complaint, except deny that there is an "island of St. Kitts-Nevis."

54. Deny the allegations of paragraph 67 of the complaint, except admit that Rodger did not disclose the possible transaction to Puopolo (among others).

55. Deny the allegations of paragraph 68 of the complaint, except lack knowledge or information sufficient to form a belief as to Puopolo's state of mind.

56. Admit the allegations of paragraph 69 of the complaint, except deny that the motivation for forming these entities was to conceal the investment from Puopolo.

57. Admit the allegations of paragraph 70 of the complaint, except lack knowledge or information sufficient to form a belief as to Puopolo's knowledge or how or when he gained it, and deny that the financing of the investment and its financing sources are correctly recited.

58. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the complaint, except admit that EIC Holding owned the two entities and that Equinox Capital served as investment manager.

59. Admit the allegations of paragraph 72 of the complaint, except deny that Rodger was acting on behalf of Equinox.

60. Deny the allegations of paragraph 73 of the complaint, except admit that Rodger informed Puopolo of the transaction on or about April 11, 2007.

61. Deny the allegations of paragraphs 74-77 of the complaint.

62. Admit the allegations of paragraph 78 of the complaint.

63. Admit the allegations of paragraph 79 of the complaint, except deny that Rodger was chief executive officer of or controlled EIC Holding.

64. Deny the allegations of paragraph 80 of the complaint, except admit that Epic SMU LLC received notice of the short form merger.

65. Deny the allegations of paragraphs 81-83 of the complaint.

NYC_293613_1/IGREENBERG

66. Admit the allegations of paragraph 84 of the complaint, except deny that the November term sheet was a contract or that he became a director shortly after the November term sheet was executed.

67. Admit the allegations of paragraph 85 of the complaint, except deny that Puopolo was an employee of Equinox Capital, and lack knowledge or information sufficient to form a belief as to whether Puopolo signed documents sent to third-parties that represented him to be an Equinox Capital employee.

68. Deny the allegations of paragraphs 86-88 of the complaint.

69. Deny the allegations of paragraph 89 of the complaint, except admit that Puopolo brought the SMU Investment, albeit not in the form in which it eventually closed, to defendants.

70. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90 of the complaint, except deny that the term sheets required Puopolo to devote all of his business efforts to Equinox Capital and Equinox Partners III.

71. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91 of the complaint, except deny that Puopolo's disclosure triggered the interest in the SABA/MUA Investment, that he was a member of Equinox Partners III, and that he was an employee of Equinox Capital.

72. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 92-93 of the complaint, except deny that he did anything that was constructive or that contributed to the business, that he was a member of Equinox Partners III, and that he was an employee of Equinox Capital.

73. Deny the allegations of paragraph 94 of the complaint.

74. Admit the allegations of paragraph 95 of the complaint, except deny that the increased capital commitment was for the reasons stated.

75. Deny the allegations of paragraph 96 of the complaint, except admit that on or about April 19, 2007, Rodger told Puopolo that he could no longer hold himself out as a member of Equinox Partners III or as an employee of Equinox Capital.

76. Deny the allegations of paragraph 97 of the complaint, except lack knowledge or information sufficient to form a belief as to whether any complaint was written.

77. Deny the allegations of paragraph 98 of the complaint, except admit that Rodger told Puopolo that he was entitled to a sharing percentage of 12.5 percent on Equinox Partners III's investment in the SMU Investment, that Puopolo would receive a sharing percentage of five percent on Equinox Partners III's investment in the CNS Investment, that Puopolo would not receive anything on others' investments in the SMU Investment, and that Puopolo would not receive anything on the SABA/MUA Investment.

78. Admit the allegations of paragraph 99 of the complaint, but deny that Puopolo's accusations were accurate.

79. Admit the allegations of paragraph 100 of the complaint, except lack knowledge or information sufficient to form a belief as to whether Puopolo received a response.

80. Deny the allegations of paragraph 101 of the complaint, except admit that Epic Partners II received the fees set forth and that no further fees are likely to be forthcoming.

81. Deny the allegations of paragraphs 102-05 of the complaint.

82. In response to paragraph 106 of the complaint, reallege the responsive paragraphs of this answer.

83. Deny the allegations of paragraphs 107-11 of the complaint.

84. In response to paragraph 112 of the complaint, reallege the responsive paragraphs of this answer.

85. Deny the allegations of paragraphs 113-17 of the complaint.

86. In response to paragraph 118 of the complaint, reallege the responsive paragraphs of this answer.

87. Deny the allegations of paragraphs 119-23 of the complaint.

88. In response to paragraph 124 of the complaint, reallege the responsive paragraphs of this answer.

89. Deny the allegations of paragraphs 125-29 of the complaint.

90. In response to paragraph 130 of the complaint, reallege the responsive paragraphs of this answer.

91. Admit the allegations of paragraph 131 of the complaint.

92. Deny the allegations of paragraphs 132-37 of the complaint.

93. In response to paragraph 138 of the complaint, reallege the responsive paragraphs of this answer.

94. Admit the allegations of paragraph 139 of the complaint.

95.   Deny the allegations of paragraphs 140-45 of the complaint.

## SECOND DEFENSE

96.   All counts of the complaint except the second fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

97.   Puopolo has commenced an appraisal action in the Chancery Court of the State of Delaware against St. Matthew's University, Inc.

98.   As a consequence, the doctrine of election of remedies bars this action, in whole or in part.

## COUNTERCLAIM

99.   Puopolo served as Equinox's nominee on St. Matthew University's board of directors.

100.   In derogation of his duty of loyalty to Equinox Capital, Puopolo took information that he learned from St. Matthew University and, in an effort to obtain financial reward for himself, used that information in ways that proximately caused financial injury to Equinox Capital.

101.   Equinox Capital is entitled to such damages that it shall show at trial.

WHEREFORE, defendants Equinox Capital, Inc., Equinox Partners III, LLC, and Steven C. Rodger demand judgment in their favor on the complaint of plaintiff Robert T. Puopolo, together with the costs and disbursements of this action, and

defendant Equinox Capital, Inc. demands judgment of plaintiff Robert T. Puopolo on its counterclaim in such amount as it shall show at trial.

Dated: New York, NY
March 3, 2008

*Ira G. Greenberg*
Ira G. Greenberg
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendants
750 Lexington Avenue, 8th floor
New York, NY 10022
(212) 308-4411

TO:

Eric P. Heichel, Esq.
EISEMAN LEVINE LEHRHAUPT &
  KAKOYIANNIS, P.C.
Attorneys for Plaintiff
805 Third Avenue
New York, NY 10022
(212) 752-1000

## CERTIFICATE OF SERVICE

I certify that on the 3rd day of March, 2008, I caused a true copy of the attached answer to be served upon:

> Eric P. Heichel, Esq.
> EISEMAN LEVINE LEHRHAUPT &
>   KAKOYIANNIS, P.C.
> Attorneys for Plaintiff
> 805 Third Avenue
> New York, NY  10022

by first-class mail.

_____
IRA G. GREENBERG

NYC 294394.1