Eric P. Heichel (EH 9940)
Jonathan C. Marquet (JM 0317)
Eiseman Levine Lehrhaupt
 & Kakoyiannis, P.C.
805 Third Avenue, 10th Floor
New York, NY 10022
212-752-1000
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROBERT T. PUOPOLO,

        Plaintiff,

    -against-

EQUINOX CAPITAL, INC.,
EQUINOX PARTNERS III, LLC,
and STEVEN C. RODGER,

        Defendants.
-----------------------------------------------------------X

Case No.:
08-CV-1311 (LAP)

**REPLY TO**
**COUNTERCLAIM**

Plaintiff Robert T. Puopolo ("Puopolo"), by his attorneys, Eiseman Levine Lehrhaupt & Kakoyiannis, P.C., avers, upon information and belief except as to his own actions and statements, which are alleged upon personal knowledge, for his reply to defendants' answer and counterclaim, dated March 3, 2008, as follows:

### REPLYING TO THE COUNTERCLAIM

1.    Admits the allegations of paragraph 99 to the extent that he admits that, pursuant to the contracts between and among Puopolo and the defendants, Puopolo was made and served as a member of the SMU Board. Puopolo affirmatively states that shortly after the November Contract was executed, plaintiff was made a member of the SMU Board. Further, on June 8, 2007, two days after Puopolo raised concerns regarding the potential misappropriation of a business opportunity and conflict of interest inherent in Equinox's acquisition of SABA/MUA, Rodger informed Puopolo that Puopolo had

been removed from the SMU Board, effective immediately. By letter dated June 15, 2007, Puopolo requested written evidence of the legal implementation of such action and further appealed to all of the members of the SMU Board to reverse such improper action, but never received a response.

2. Denies the allegations of paragraph 100.

3. Denies the allegations of paragraph 101.

## FIRST DEFENSE

4. The counterclaim fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

5. Defendants lack standing to assert the counterclaim.

6. As a member of the SMU Board, Puopolo owed duties to SMU, and not to defendants.

7. To the extent Puopolo owed duties to defendants, those duties arose through Puopolo's membership interest in Equinox Partners III and his employment as a managing director of Equinox Capital.

8. To the extent Puopolo took any action with information acquired in his capacity as a member of the SMU Board, such action was in accordance with his duties to SMU, benefited SMU, and caused no damage to SMU.

Dated: New York, New York
    March 18, 2008

EISEMAN LEVINE LEHRHAUPT
 & KAKOYIANNIS, P.C.
By: _____
Eric P. Heichel (EH 9940)
Jonathan C. Marquet (JM 0317)
Eiseman Levine Lehrhaupt
 & Kakoyiannis, P.C.
805 Third Avenue, 10th Floor
New York, NY 10022
T: 212-752-1000
Attorneys for Plaintiff

2

TO:   Ira G. Greenberg, Esq.
      Edwards Angell Palmer & Dodge LLP
      750 Lexington Avenue, 8th Floor
      New York, New York 10022
      Attorneys for Defendants