Ira G. Greenberg (IG-6156)
EDWARDS & ANGELL, LLP
Attorneys for Defendants
750 Lexington Avenue, 8th floor
New York, NY 10022
(212) 308-4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/16/08

-----------------------------------------------------------x

ROBERT T. PUOPOLO,

        Plaintiff,

versus

EQUINOX CAPITAL, INC., EQUINOX
PARTNERS III, LLC,, and STEVEN
C. RODGER,

        Defendants.

No. 08 Civ. 1311 (LAP)

PROTECTIVE ORDER

-----------------------------------------------------------x

Pursuant to Fed. R. Civ. P. 26(c), the Court orders as follows:

1.  This order shall apply to all information disclosed by the parties incident to discovery in this action, whether formally or informally, to the extent designated as "Confidential" or "Confidential-Attorneys Only" (hereinafter, collectively, "Designated Materials"), and to all information derived from such Designated Materials.

2.  A party providing Designated Materials may designate as "Confidential" or "Confidential-Attorneys Only" information or a tangible embodiment of information that the party believes to constitute or to contain proprietary or confidential business information relating to that party's business or personal, confidential information relating to people who are or were affiliated with that party. Only

NYC 297949.1

Designated Materials which the producing party in good faith believes contain information of a proprietary nature regarding prospective business dealings or information of a proprietary nature regarding defendants' past business dealings in which plaintiff was not involved may be designated as "Confidential-Attorneys Only."

   3. The dissemination and disclosure of Designated Materials shall be limited as follows:

   A. Information designated "Confidential" shall not be disclosed except to:

    (1) Court reporters and similar personnel;

    (2) Attorneys of record for the parties and their respective associates, clerks, and employees involved in the conduct of this litigation;

    (3) The parties named in this litigation, including their respective officers, directors, and employees;

    (4) Outside experts and consultants retained for the purpose of preparing or assisting in this litigation and their respective clerks and employees involved in assisting them in this litigation;

    (5) Deponents with respect to whom the attorney for the examining party believes in good faith that disclosure of confidential information should be made in order to conduct relevant examination of

such deponent, provided such deponent is expected to be called as a witness at trial;

(6) The Court in accordance with paragraph 6, below; and

(7) Any other person with the prior written consent of the designating party or pursuant to Court order.

B. Information designated as "Confidential-Attorneys Only" shall not be disclosed except to those persons identified in subparagraphs (A)(1), (2), (6) and (7). These documents may also be shown to those persons described in subparagraphs (A)(4) and (5), provided such persons are not employees of parties and agree to be bound by the terms of this order, subject to the penalty of contempt. Such agreement shall be in writing substantially in the form annexed. The original of each such confidentiality agreement shall be maintained by counsel and shall be produced for inspection by opposing counsel upon request. However, no party shall be required to provide a signed copy of a consultant's confidentiality agreement unless and until he or she is designated an expert witness. Any counsel may require the examining counsel to provide a signed copy before the witness is deposed with regard to any

"Confidential-Attorneys Only" information.

4.  Nothing in this order shall restrict a party from using information to the extent it has obtained the information through legitimate means other than discovery in this action.

5.  Designated Materials shall be designated by conspicuously typing on, stamping, or labeling the material, object, or thing with the word "Confidential" or "Confidential-Attorneys Only" or, in the case of depositions, by noting the protection orally on the record or by written notice within fourteen days of the transcript's receipt.

6.  If Designated Materials designated Confidential or Confidential-Attorneys Only, or quotations from or references to such materials, are to be included in papers filed with or otherwise disclosed to the Court, such papers shall be labeled "Confidential -- Subject to Court Order." The pleading or document containing such documents or information shall be filed only in a sealed envelope on which a statement substantially in the following form shall be placed:

### CONFIDENTIAL

This envelope contains documents that are subject to an Order governing discovery and the use of confidential discovery material entered by the Court in this action. The envelope shall not be opened nor the contents thereof displayed or revealed, other than to the Court or the parties to this action, except by Order of the Court. Violation hereof may be regarded as contempt of the Court.

All such materials so filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further order of the Court.

7.  No person shall use any Designated Materials for purposes other

NYC 297949.1

4

than this litigation, nor shall they disclose the information contained in them to anyone other than as provided by this order or by another order of the Court.

8.  If any party objects to the designation of any Designated Materials as Confidential or Confidential-Attorneys Only, the party shall state the objection by letter to counsel for the party making the designation.  In the event the parties cannot resolve any dispute over the designation of particular Designated Materials, the objecting party shall have the right on reasonable notice to make an application to the Court challenging the designation of any particular Designated Materials.  Until the Court rules on the motion, Designated Materials shall continue to be treated as designated by the producing party.

9.  Whenever any person subject to this order is required by legal process to disclose any Designated Materials other than as provided by order, such person shall as soon as reasonably practical, but in all events so as to be received at least seventy-two hours before disclosure is to be made if such seventy-two hours notice is possible under the terms of the legal process involved, notify the designating party or its counsel of record of the existence and terms of such process.  Subject to a court order prohibiting disclosure, the party receiving such process shall then be entitled to make disclosure or production.

10.  Upon final termination of this action, each party shall assemble all Designated Materials, including all copies, and return them to the designating party or its counsel of record.  Within sixty days of the conclusion of this litigation, counsel for the party required to effectuate the return of Designated Materials shall provide the designating party a certification of compliance with this paragraph.  In lieu of returning

such materials, the party in possession may destroy such materials and supply a written certification to the designating party of their destruction.

11.  The parties recognize that a party threatened by the violation of this order does not have an adequate remedy at law and that an injunction against such a violation is an appropriate remedy.

12.  This order shall survive the termination of this action.  This Court shall retain jurisdiction to enforce its provisions.

*Loretta A. Preska*
United States District Judge

Dated: April 15, 2008

NYC 297949.1

6